EMERY, petitioner, v. SHERMAN, adm'r.

A petition to the Court to enable an administrator to execute a deed, is not an adversary proceeding, nor is the power, thus obtained, imperative on the administrator.

The respondent's intestate had contracted with the petitioner to convey to him a parcel of land, and died without having executed the conveyance; and the petitioner thereupon prayed the Circuit Court of Common Pleas that the administrator might be authorised to make the deed. The administrator appeared, and pleaded the insolvency of the estate, to which the petitioner demurred; and the Court overruled the plea, and granted the license prayed for. Whereupon the administrator claimed an appeal to this Court, which the Court below refused to grant;—and on application now to this Court, they refused to sustain the appeal;—observing that this was not an adversary proceeding, in which an appeal would lie; but was merely a petition to *empower*, not to *compel*, the administrator to execute a deed, which he might or might not execute, as he should be advised his duty as a faithful administrator would require.

*Lincoln,* for the petitioner.
*Bradley,* for the respondent.